# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 736 | **DATE** | 7/13/2000 |
| **CASE TITLE** | Village of Lake Barrington vs. Koch Materials Co. et al. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. We grant plaintiff leave to file its proposed amended complaint and grant Koch's motion to dismiss as to count I of the amended complaint, but deny Koch's motion as to count II. Status hearing set for August l7, 2000 at 9:45am.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | JUL 17 2000 | date docketed | | |
| ✓ | Docketing to mail notices. | | | | /2 |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| WAH | courtroom deputy's initials | 00 JUL 14 PM 2:50 | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VILLAGE OF LAKE BARRINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 00 C 736 |
| | ) | |
| KOCH MATERIALS COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Village of Lake Barrington brings this diversity action against defendants

Koch Materials Company (Koch) and Curran Contracting Company (Curran), alleging

negligent misrepresentation and fraud. Koch moves to dismiss both counts of the complaint

for failure to state a claim while plaintiff seeks to file an amended complaint. For the reasons

set forth below, plaintiff is given leave to file its amended complaint, but the negligent

misrepresentation claim contained therein is dismissed.

DOCKETED

JUL 1 7 2000

## BACKGROUND

Koch is a Delaware corporation in the business of manufacturing and supplying road

building materials. In 1998, representatives of Koch marketed one of its products, a polymer

modified asphalt cement binder (PMAC), to plaintiff. Through sales meetings, product

brochures, site visits, and telephone conversations, Koch promoted PMAC as a product that

would reduce and/or slow pavement cracking if used when resurfacing city streets. Plaintiff

was sold on the product and required the use of PMAC in public bidding documents for its

1998 Road Improvement Project. Curran won the bid for that project and contracted with

plaintiff to resurface approximately 3.3 miles of plaintiff's streets utilizing Koch's PMAC

product. The resurfacing work was completed in September and October 1998. According to the complaint, plaintiff's streets began cracking by January 1999, only three months after being resurfaced using PMAC. Plaintiff ultimately installed new pavement along the 3.3 miles of city streets in the spring of 1999.

Upset with the performance of PMAC, plaintiff sued Koch and Curran in state court on December 30, 1999, alleging negligent misrepresentation (count I) and common law fraud (count II). The lawsuit was removed to federal court on February 4, 2000. Koch thereafter filed a motion to dismiss the complaint for failure to state a claim. *See* Fedeal Rule of Civil Procedure 12(b)(6). Koch argues that it is not in the business of supplying information and therefore cannot be held liable for negligent misrepresentation under Illinois law. Koch further asserts that the complaint fails to plead fraud with particularity, as required under Fed.R.Civ.P. 9(b). In response to Koch's motion plaintiff submitted a proposed amended complaint which, according to plaintiff, cures the defects upon which Koch relies. Koch maintains that the proposed amended complaint, like the original complaint, fails to state a claim and therefore should be dismissed. We agree that plaintiff cannot state a claim for negligent misrepresentation, warranting dismissal of count I, but find that the proposed amended complaint alleges fraud with sufficient particularity such that count II survives.

## DISCUSSION

### I. Negligent Misrepresentation

Under Illinois law a defendant may be liable for negligent misrepresentation only if it "is in the business of supplying information for the guidance of others in their business transactions." Moorman Mfg. Co. v. National Tank Co., 435 N.E.2d 443, 452 (Ill. 1982); *see*

Orix Credit Alliance, Inc. v. Taylor Machine Works, Inc., 125 F.3d 468, 475 (7th Cir. 1997).
Koch argues that it is in the business of supplying road building materials, not informational
services, and therefore outside the scope of a negligent misrepresentation claim. The case law
supports this argument. Courts applying Illinois law consistently have rejected negligent
misrepresentation claims brought against manufacturers of tangible, noninformational goods,
on the grounds that they are not in the business of supplying information. *See, e.g.*, Orix, 125
F.3d at 475-77; Coleman Cable Systems, Inc. v. Shell Oil Co., 847 F. Supp. 93, 95-96 (N.D. Ill.
1994) (collecting cases); Knox College v. Celotex Corp., 453 N.E.2d 8, 11 (Ill. App. 3 Dist.
1983). Of course, the cases are not all cut-and-dry. Most producers of tangible goods also
provide information to their customers. In such circumstances, Illinois courts make a case-by-
case determination of whether a party is in the business of selling goods or of supplying
information, with focus on "whether the information furnished with the noninformational
goods was central to the business transaction" or "merely incidental to the sale of goods."
Coleman, 847 F. Supp. at 95-96; *see* Orix, 125 F.3d at 475-76; Rosenstein v. Standard & Poor's
Corp., 636 N.E.2d 665, 668 (Ill. App. 1 Dist.), *appeal denied,* 622 N.E.2d 1227 (Ill. 1993).

Koch's products, including PMAC, are tangible goods. Insofar as Koch provides
information in connection with the marketing and sale of PMAC, that information is only
incidental to Koch's primary objective of selling PMAC. The case law teaches us that this
common business practice does not transform Koch into a supplier of business information
such that negligent misrepresentation liability is triggered. *See* Orix, 125 F.3d at 475-76
(supplier of machine not liable for alleged misrepresentations regarding appraisal of machine);
Coleman, 847 F. Supp. at 95-96 (supplier of plastic insulation not liable for alleged

misrepresentations regarding compatibility of insulation with other compounds); Knox, 453 N.E.2d at 11 (supplier of roofing materials not liable for alleged misrepresentations regarding quality of product). To the contrary, as a supplier of noninformational goods, Koch cannot be subject to a negligent misrepresentation cause of action.

In an attempt to salvage its claim, plaintiff alleges in its proposed amended complaint that Koch "is a supplier of road building materials, but is also in the business of supplying information for the guidance of others and other services relative to road construction" (am. cplt., ¶4). The addition of this allegation is unavailing, for the remainder of the complaint confirms that Koch provided information only as a means of marketing its PMAC product. For example, in paragraph 5, plaintiff alleges that "Koch made representations to and provided information to [plaintiff] relative to the selection, use and application of Koch's [PMAC] as a road material ... fit for the purpose of reducing and/or slowing pavement cracking ... ." (am. cplt., ¶5). There is no indication that Koch provided informational services to plaintiff apart from its marketing and sale of PMAC. To the contrary, the allegations state that Koch sold PMAC to plaintiff and that any information supplied in connection with the sale of that tangible product took the form of advertising and marketing efforts on the part of Koch. "Manufacturers in all industries must advertise to sell their products," but these advertisements cannot form the basis for recovery "under the theory of negligent misrepresentation." Coleman, 847 F. Supp. at 96; see Orix, 125 F.3d at 476. Count I is dismissed.

## II. Fraud

Count II alleges fraud based on Koch's alleged misrepresentations regarding the

suitability and quality of its PMAC product.  In its opening brief Koch argued that plaintiff had failed to plead fraud with sufficient particularity, as required by Fed.R.Civ.P. 9(b) (requiring that "the circumstances constituting fraud ... shall be stated with particularity"). Plaintiff responded to this challenge by submitting a proposed amended complaint which alleges additional details regarding the allegedly fraudulent misrepresentations made by Koch. The proposed amended complaint cites the specific dates on which the alleged misrepresentations were made, identifies the officials who made the statements, and describes the nature of those communications (am. cplt., ¶5).  These allegations satisfy the general requirements of Rule 9(b). *See* Uni\*Quality, Inc. v. Infotronx, Inc., 974 F.2d 918, 923 (7th Cir. 1992) (holding that plaintiff "must plead the 'who, what, when, and where' of the alleged fraud").

Notwithstanding the proposed amendments to the complaint, Koch argues that the allegations raised in count II continue to be deficient.  In order to state a claim of fraudulent misrepresentation, plaintiff must allege, *inter alia*, that Koch made a false statement of material fact.  Konnick v. Suzuki Motor Co., Ltd., 675 N.E.2d 584, 591 (Ill. 1996).  Koch contends that plaintiff has failed to plead this essential element of fraud.  Koch argues that the allegedly false statements identified by plaintiff are not factual representations, but rather are statements of commendation or opinion regarding the quality of PMAC and therefore cannot support a fraud claim.  Koch relies on Illinois case law holding that a party's opinions regarding the future performance or quality of its products cannot constitute fraud.  *See* Continental Bank, N.A. v. Meyer, 10 F.3d 1293, 1298 (7th Cir. 1993); People ex rel. Peters v. Murphy-Knight, 618 N.E.2d 459, 463-64 (Ill. App. 1 Dist. 1993) ("statements which are nothing

more than a recommendation of one's product are not representations of fact"); Spiegel v. Sharp Electronics Corp., 466 N.E.2d 1040, 1044 (Ill. App. 1 Dist. 1984). However, while a fraud claim cannot be based on mere puffery, marketing statements that are representations of existing facts, rather than promises of future performance, are actionable under a fraud theory. See MAN Roland Inc. v. Quantum Color Corp., 57 F. Supp. 2d 576, 583-84 (N.D. Ill. 1999); Budget Rent A Car Corp. v. Genesys Software Systems, Inc., 1996 WL 480388, at *4 (N.D. Ill. Aug. 22, 1996); Murphy-Knight, 618 N.E.2d at 464-65.

Reviewing the allegations raised in the proposed amended complaint, we find that plaintiff has identified factual representations regarding the function of PMAC, and not just assurances of the product's quality. According to the complaint, Koch informed plaintiff that PMAC "was suitable, useful, appropriate, and fit for the purpose of reducing, and/or slowing pavement cracking" and that PMAC "would be appropriate, effective and useful where pavement cracking had occurred on numerous streets of the Village of Lake Barrington" (am. cplt., ¶5). Moreover, plaintiff alleges that Koch's representations regarding PMAC were made after Koch inspectors personally had examined the city streets at issue and determined that PMAC was the appropriate product for plaintiff's resurfacing project (am.cplt., ¶5). Koch's alleged statements go beyond mere puffery and enter the realm of fact. More than just promises regarding the future quality of PMAC, the representations at issue here concern the existing ability of PMAC to reduce pavement cracking. These allegations are sufficient to state a claim of fraudulent misrepresentation. See Cold Spring Granite Co. v. Information Management Associates, Inc., 1999 WL 1249337, at *2-3 (N.D. Ill. Dec. 17, 1999); MAN Roland, 57 F. Supp. 2d at 583-84; Budget, 1996 WL 480388, at *4. That Koch has specific

expertise regarding the science of pavement binders only reinforces the notion that it may be held liable for its representations about PMAC. *See* <u>Stenograph Corp. v. Microcat Corp.</u>, 1989 WL 99543, at *2 (N.D. Ill. Aug. 22, 1989). The fraud count survives Koch's motion to dismiss.

<u>CONCLUSION</u>

For the reasons set forth above, we grant plaintiff leave to file its proposed amended complaint and grant Koch's motion to dismiss as to count I of the amended complaint, but deny Koch's motion as to count II.

JAMES B. MORAN
Senior Judge, U. S. District Court

July 13 , 2000.